﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 200128-58888
DATE: August 31, 2020

ORDER

Readjudication of the issue of entitlement to service connection for neuropathy of the left lower extremity is warranted. 

REMANDED

Entitlement to service connection for a neurological disorder of the left lower extremity (previously claimed as neuropathy), to include as secondary to service-connected lumbar degenerative disc disease and/or residuals of a left ankle fracture, is remanded.

FINDING OF FACT

New evidence has been received after the March 2018 denial that is relevant to the issue of entitlement to service connection for neuropathy of the left lower extremity. 

CONCLUSION OF LAW

The criteria for readjudication of the claim of entitlement to service connection for neuropathy of the left lower extremity have been met. 38 U.S.C. §§ 5108, 7105 (c) (2012); 38 C.F.R. §§ 3.156 (d), 3.2501, 20.203, 20.1103 (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1965 to September 1967. 

This case is before the Board of Veterans' Appeals (Board) on appeal from a November 2019 Department of Veterans Affairs (VA) Regional Office (RO) rating decision. The Veteran submitted a VA Form 10182 notice of disagreement (NOD) in January 2020 and selected the Direct Review lane.

New and Relevant Evidence

In March 2018, VA denied entitlement to service connection for neuropathy of the left lower extremity. The Veteran did not appeal, and he did not submit new and material evidence within one year of that decision. As such, the March 2018 rating decision is final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. The Veteran submitted his claim to reopen in July 2019. 

VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156 (d). "Relevant evidence" is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501 (a)(1).

The questions in this case are whether the Veteran submitted evidence since the prior final denial of his claim, and if so, whether that evidence is new and relevant.

The March 2018 rating decision denies the claim on a direct basis for a lack of nexus to service. VA treatment records dated in July and August 2019 received in October 2019 note complaints of chronic low back pain with radiation to the lower extremities and associated numbness and tingling. The diagnosis was suspected peripheral neuropathy versus lumbar radiculopathy. A March 2018 VA examination diagnosed neuropathy of the left external popliteal (common peroneal) nerve. Incidentally, the Veteran is service-connected for lumbar degenerative disc disease. 

New and relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. Id. at (a)(1). The theory of secondary service connection was not previously addressed. Thus, this claimed theory of entitlement is new and relevant evidence, and readjudication of the Veteran's claim is required. See 38 C.F.R. § 3.2501. 

REASONS FOR REMAND

Entitlement to service connection for a neurological disorder of the left lower extremity (previously claimed as neuropathy), to include as secondary to service-connected lumbar degenerative disc disease and/or residuals of a left ankle fracture. 

The Veteran has asserted several theories of entitlement with regard to his claimed neurological disorder of the left lower extremity, to include on direct and secondary bases. 

The Board notes that the Veteran has been diagnosed with neuropathy of the left external popliteal (common peroneal) nerve. See March 2018 Peripheral Nerves Examination Report. VA treatment records also contain provisional or “suspected” diagnoses of peripheral neuropathy versus lumbar radiculopathy of the left lower extremity. 

Service treatment records show a single complaint of left hip and thigh pain with weight-bearing due to a left ankle fracture in July 1967. The Veteran is currently service connected for residuals of a left ankle fracture and lumbar degenerative disc disease. 

To date, no VA examiner has provided an opinion as to whether the Veteran has any diagnosed neurological disorder of the left lower extremity, to include the diagnosed neuropathy of the left external popliteal (common peroneal) nerve, is proximately due to, or aggravated by service-connected lumbar degenerative disc disease or residuals of a left ankle fracture. 

Given the foregoing, the case must be remanded to correct a duty to assist error. 38 C.F.R. § 3.159 (c)(4).

The matters are REMANDED for the following action:

1. Obtain all outstanding records of VA treatment. 

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any neurological disorder of the left lower extremity. 

For any diagnosed neurological disorder of the left lower extremity, to specifically include the already diagnosed neuropathy of the left external popliteal (common peroneal) nerve, the examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, to include the in-service complaints of left hip/thigh pain associated with a left ankle fracture. 

The examiner must also provide an opinion as to whether any diagnosed neurological disorder of the left lower extremity, to specifically include the already diagnosed neuropathy of the left external popliteal (common peroneal) nerve, is at least as likely as not (1) proximately due to the service-connected lumbar degenerative disc disease or residuals of a left ankle fracture, or (2) aggravated beyond its natural progression (i.e., any incremental increase beyond its natural progression) by service-connected lumbar degenerative disc disease or residuals of a left ankle fracture. 

Rationale must be provided for the opinions proffered.

 

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Hoeft

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.